Argued and submitted July 11, 1994, affirmed February 1, 1995

STATE OF OREGON,
*Appellant,*

*v.*

JAMES WESLEY MEYERS,
*Respondent.*

(10-92-10507; CA A81009)

889 P2d 374

Janie M. Burcart, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Robert J. McCrea argued the cause for respondent. With him on the brief was McCrea, P.C.

**RIGGS, J.**

The state appeals from a pretrial order suppressing evidence of a taped telephone conversation between defendant and the complaining witness. ORS 138.060(3). We affirm.

Defendant is accused of first degree rape and fourth degree assault of his former wife, Meyers. The charges arise from an incident that occurred in February, 1992. In September, 1992, Meyers arranged with the police to telephone defendant and try to obtain a tape recorded confession. Throughout the conversation, Meyers accused defendant of raping and assaulting her. Defendant repeatedly said that he did not remember the events of the night in question, admitting only that he was present at Meyer's house and was intoxicated.

Defendant filed a pretrial motion to suppress the contents of the tape recorded telephone conversation. He argued, *inter alia*, that the probative value of his admissions was substantially outweighed by the prejudicial effect of Meyer's emotional tone and her repeated accusations throughout the conversation. After a hearing, the trial court ruled the entire tape inadmissible, but left open the possibility that circumstances at trial could make the tape "entirely relevant."

The state assigns error to the trial court's ruling, arguing that the court improperly granted defendant's motion to suppress. We review the trial court's decision for abuse of discretion, noting that this court

> "generally defers to the trial court's decision whether the probative value of the evidence is substantially outweighed by the potential for prejudice." *State v. Williams*, 313 Or 19, 29-30, 828 P2d 1006, *cert den* ___ US ___, 113 S Ct 171, 121 L Ed 2d 118 (1992). (Citations omitted.)

The trial court's decision is accorded deference provided that "findings are made on the record to back up this discretionary call." *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987).

In *Mayfield*, the Supreme Court set out a recommended method of analysis, and described the steps that a

court should follow in deciding whether to exclude evidence under OEC 403:

> "First, the trial judge should * * * analyze the quantum of probative value of the evidence and consider the weight or strength of the evidence. In the second step the trial judge must determine how prejudicial the evidence is, to what extent the evidence may distract the jury from the central question whether the defendant committed the charged crime. The third step is the judicial process of balancing the prosecution's need for the evidence against the countervailing prejudicial danger of unfair prejudice, and the fourth step is for the judge to make his or her ruling to admit all the proponent's evidence, to exclude all the proponent's evidence or to admit only part of the evidence." 302 Or at 645. (Citation omitted.)

The state contends that the record in this case is "bereft" of factual findings and that the trial court failed to properly analyze the proffered evidence under *State v. Mayfield, supra.* We disagree. We recognize that *Mayfield* established an "approved method of analysis" that should guide trial courts in their decisionmaking. *State v. Walton,* 311 Or 223, 235, 809 P2d 81 (1991). In this case, however, the record adequately supports the court's decision to suppress the tape recording, notwithstanding the fact that the court did not expressly follow the *Mayfield* analysis.

In its order, the trial court made the following findings:

> "Well I think the testimony of whatever it is that occurs over this tape, I think there is a good deal in it that would not be evidentially [*sic*] permitted for some of the reasons that [defense counsel] has said.
>
> "*As far as the statements of the defendant, he never really says anything.* It is a valiant attempt by law enforcement to sandbag him, but I don't think it worked out like they planned it.    . .
>
> "I think what the submission of the tape and *the way the lady talked over the tape and sobbing, this sort of thing, I think it is unduly prejudicial to the defendant.*" (Emphasis supplied.)

The court then went on to conclude:

> "I'm not going to allow the state to introduce [the tape] at this time, or make any reference to it. Although that's one thing that we keep getting mixed up in. That is that the Court can make a ruling at the beginning of any case, and both from the defendant's standpoint and the state's standpoint, something may occur which makes the whole thing entirely relevant."

Although the court's statements are not extensive, they indicate that it did engage in the "conscious process of balancing the costs of the evidence against its benefits" that OEC 403 requires. *State v. Pinnell*, 311 Or 98, 112-13, 806 P2d 110 (1991). The finding that defendant "never really says anything," manifests the court's opinion that the tape recording's probative value was low. In contrast, the court found the effect of Meyer's "sobbing" and "the way she talk[ed]" to be unfairly prejudicial. When the two were balanced, the outcome tipped in favor of exclusion.

Although the trial court did not directly proceed through each step of the *Mayfield* analysis, it did establish a sufficient record for our review. That record reflects the court's determination regarding the probative value and prejudicial effect of the evidence, and supports the court's exercise of discretion. This is not a situation in which the trial court failed to make any findings to support its decision, *State v. Lee*, 88 Or App 556, 746 P2d 242 (1987), or a situation in which the court began, but did not complete the balancing process. *State v. Mayfield, supra*, 302 Or at 647.

We conclude that the trial court did not abuse its discretion in granting defendant's motion to suppress the contents of the tape recorded telephone conversation.

Affirmed.