Submitted December 15, 2014, affirmed December 23, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CAMERON ROBERT CORBIN,
*Defendant-Appellant.*

Coos County Circuit Court
12CR1562, 13CR0100;
A154001 (Control), A154002

365 P3d 647

Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Presiding Judge, and Flynn, Judge, and De Muniz, Senior Judge.

LAGESEN, P. J.

### LAGESEN, P. J.

In this consolidated appeal, defendant challenges a judgment convicting him of two counts of menacing and two counts of criminal mischief in the second degree (Case Number A154001), and a judgment convicting him of one count of unauthorized use of a vehicle and two lesser included counts of criminal trespass in the first and second degree (Case Number A154002). Defendant argues that, in both cases, the trial court erred by admitting evidence of his prior bad acts without also providing the jury with a limiting instruction as required by the Supreme Court in *State v. Leistiko*, 352 Or 172, 282 P3d 857, *modified on recons*, 352 Or 622, 292 P3d 522 (2012), and without properly conducting the balancing required under OEC 403 and *State v. Mayfield*, 302 Or 631, 733 P2d 438 (1987). Additionally, defendant argues that the trial court erred in failing to merge the two criminal trespass convictions. With respect to the admission of the prior bad acts evidence, we conclude that defendant did not preserve his arguments. Concerning the trial court's failure to merge the trespass convictions, we conclude that the trial court's subsequent merger of those convictions in an amended judgment renders that issue moot. Accordingly, we affirm.

## I. FACTS

### A. *Case Number A154001*

Defendant's convictions arose from his tumultuous relationship with his long-term girlfriend, A. On October 6, 2012, defendant fought with A and scratched words into her car. Five days later, defendant and A fought again, and defendant broke her car window, threw an object at her, poured gasoline on the porch of their house, and threatened to burn it down. The next day, A filed for a restraining order against defendant.

A's petition for a restraining order led to seven criminal charges against defendant: one count of menacing constituting domestic violence, ORS 163.190; two additional counts of menacing, ORS 163.190; one count of harassment, ORS 166.065; and three counts of criminal mischief in the second degree, ORS 164.354(b). The state later dropped one of the menacing charges.

Before trial, the state moved *in limine* to introduce evidence of A's "history of abuse at the hands of defendant." The state argued that that testimony was admissible under OEC 404(3)[1] to show defendant's motive, knowledge, and intent. Alternatively, the state argued that the evidence was admissible under OEC 404(4).[2] Defendant responded to the state's motion by arguing that, under *State v. Johns*, 301 Or 535, 725 P2d 312 (1986), the evidence was inadmissible under OEC 404(3), but did not respond to the state's arguments concerning OEC 404(4).

At the hearing on the motion, the state presented, by way of testimony, the prior bad acts evidence that it sought to introduce at trial. Specifically, the state wanted to present evidence that, before scratching A's car, defendant pulled A's hair, kicked her, and threatened to kill her. Additionally, the state wanted to present evidence that defendant had again threatened to kill A during their second fight.

The trial court granted the state's motion. With respect to defendant's threat to kill A during their second fight, the trial court concluded that that did not constitute a "prior" act under OEC 404(3). Instead, the court determined that the threats occurred as "part and parcel" of "the events surrounding the crime charged in this case," and, therefore, was relevant and admissible "to give the jury the full picture of those events." Concerning the evidence that defendant had pulled A's hair, kicked her, and threatened to kill her during the first fight, the trial court concluded that the

---

[1] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[2] OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) [OEC 406 to OEC 412] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403];

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

evidence was admissible under OEC 404(3) to show intent, and not subject to exclusion under OEC 403[3] because the prejudicial effect of admitting the evidence would not "outweigh [defendant's] ability to have a fair trial." Defendant did not request a limiting instruction in connection with the admitted evidence, nor did he object to the trial court's failure to deliver one.

As a result of the trial court's ruling, the state presented the evidence that it had developed at the hearing on the motion *in limine* and used that evidence to prove defendant's criminal intent. Specifically, A testified that, during the first fight, defendant "got [her] by the hair and helped [her] to the door" and "kicked [her] in the stomach." Additionally, she testified that defendant had stated, multiple times, "that he wished that [she] was dead" and asked "why [she] didn't just kill [her]self." The state also had A read from a certified copy of the restraining order, which reiterated the same information. A's mother also testified that she had heard defendant state that "he was going to kill [A]." During closing argument, the state argued that that evidence helped to establish defendant's intent in committing the charged crimes. After trial, the jury found defendant guilty of every count except for harassment. The trial court entered a judgment against defendant.

B. *Case Number A154002*

The events that led to the restraining order did not end the conflict between defendant and A. A few months later, defendant went to A's house, where they again fought. (The parties presented conflicting versions of what occurred during that fight.) Ultimately, defendant drove off in A's pickup truck without obtaining her permission to use the truck. As a result of that conduct, defendant was charged by information with six counts: (1) unauthorized use of a vehicle, ORS 164.135; (2) criminal mischief in the second degree, ORS 164.354; (3) burglary in the first degree,

---

[3] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

ORS 164.225(a); (4) burglary in the first degree, ORS 164.225(c); (5) menacing constituting domestic violence, ORS 163.190; and (6) interference with making a report, ORS 165.572.

Before trial, the state again moved *in limine* to admit evidence of defendant's prior bad acts. The state sought to introduce the same evidence that it had introduced in defendant's previous case, as well as evidence of defendant's conduct that led to the charges in that case: Defendant broke a window in A's vehicle, threw objects at A, and poured gasoline on A's house after threatening to burn it down.

The trial court excluded evidence that defendant threw things at A, because it concluded that that evidence had little probative value. The court admitted the remaining evidence, concluding that it was admissible under OEC 404(3) to show intent, and not subject to exclusion under OEC 403 because the probative value of the evidence— that the evidence would show the jury that "the breakup took place longer than just the incidents surrounding January 21"—was not "overwhelmed" by its prejudicial effect—the risk that defendant could be retried for the same conduct as in the first case. As in the first case, defendant did not request a limiting instruction or object to the trial court's failure to deliver one.

As a result of the trial court's ruling, the state introduced testimony from A that, (1) on October 6, defendant "walked [her] to the door by [her] hair," "kicked [her] in the stomach," keyed her vehicle, and broke a window on her vehicle; (2) on October 11, defendant broke another window on her vehicle and threw an object that hit her in the right temple; and (3) on both October 6 and 11, defendant told A that "he wanted [her] dead." Additionally, A testified that, although her statements in the October restraining order indicated that defendant had threatened to kill her, those statements were not truthful. The state also introduced photographic evidence of the scratches and broken window on A's car from the incident. The state—on rebuttal during closing arguments—then argued that the evidence of defendant's prior acts was probative of defendant's criminal intent. Although the state had not relied on that evidence

in its initial closing argument, it addressed it on rebuttal to respond to defendant's closing argument, in which defendant argued that the evidence could only be considered for the limited purpose of determining whether defendant had the requisite criminal intent.

The jury convicted defendant of unauthorized use of a vehicle and two lesser included offenses of criminal trespass in the first and second degree, and acquitted defendant on the remaining charges. The trial court entered a judgment reflecting that defendant had been convicted of those three offenses. Defendant filed a motion to modify the judgment "to merge the guilty verdict in Count 4 (criminal trespass in the second degree) into the conviction on Count 3 (criminal trespass in the first degree)." The trial court entered an amended judgment reflecting that "Ct. 4 merges into Ct. 3" and removing the second-degree trespass conviction.

## II. STANDARD OF REVIEW

The only issues on appeal are (1) whether the trial court plainly erred by admitting the prior bad acts evidence without also instructing the jury that it could not consider that evidence unless it found that defendant had committed the *actus reus* of the charged offenses, and (2) whether the trial court's application of OEC 403 was plainly erroneous in view of *Mayfield*. We review unpreserved claims of error to determine whether any error is "plain" and, if so, whether to exercise our discretion to correct that error. *See State v. Gensler*, 266 Or App 1, 10, 337 P3d 890 (2014), *rev den*, 356 Or 690 (2015).

## III. ANALYSIS

On appeal, defendant's first two assignments of error challenge the trial court's admission of his prior bad acts, in both cases, to prove that he had the intent to commit the charged crimes. In support of those assignments, defendant, in his opening brief, argues that, under OEC 404(3) and *Leistiko*, the trial court erred in admitting evidence of his prior bad acts without instructing the jury that it first had to find that defendant committed the *actus reus* of those crimes.

After defendant submitted his brief for our review, the Supreme Court issued its opinion in *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), concluding that OEC 404(4) "supersedes OEC 404(3) in a criminal case, except to the extent required by the state or federal constitution," and, thus, evidence of a criminal defendant's prior bad acts may be admitted under OEC 404(4) so long as "a trial court determine[s] whether the risk of unfair prejudice posed by the evidence outweighs its probative value under OEC 403." *Id.* at 24. To address *Williams*, defendant filed a supplemental brief contending that the trial court had abused its discretion in failing to properly engage in the OEC 403 balancing described in *Mayfield*. Defendant acknowledges that he did not preserve that alleged error, but asks us to review it as plain error under ORAP 5.45(1). Additionally, defendant assigns error to the trial court's failure to merge the two trespassing charges.

Neither of defendant's arguments provides a basis for concluding that the trial court erred in admitting the challenged evidence. As to defendant's argument that the trial court erred by admitting the evidence without providing the jury with an instruction under *Leistiko*, that contention is not preserved and does not qualify for plain error review. To preserve an argument for appellate review, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). In this case, defendant did not request a *Leistiko* limiting instruction or object to the absence of such an instruction and, consequently, did not give the trial court the opportunity to consider and correct the error. And we have concluded that, in light of the Supreme Court's decision in *Williams*, any error by a trial court in failing to provide a *Leistiko* instruction, absent a request by a party, is not plain. *State v. Logan*, 273 Or App 323, 330, 359 P3d 403 (2015) (declining to review a failure to provide a *Leistiko* limiting instruction as plain error); *State v. Brown*, 272 Or App 424, 435, 355 P3d 216 (2015) (failure to give *Leistiko* instruction is not plain error under OEC 404(4)); *State v. Horner*, 272 Or

App 355, 369, 356 P3d 111 (2015) (unpreserved argument regarding *Leistiko* is not plain error in light of *Williams*).

With respect to defendant's argument that the trial court failed to meet the requirements of *Mayfield*, defendant concedes that his argument is unpreserved, but asks us to review it as plain error. But, if the trial court erred in its application of *Mayfield*, that error is not a plain one, in view of our cases explaining the *Mayfield* analysis. In *Mayfield*, the Supreme Court "established an 'approved method of analysis' that should guide trial courts in their decision-making under OEC 403." *State v. Borck*, 230 Or App 619, 637, 216 P3d 915 (2009), *adh'd to as modified on recons*, 232 Or App 266, 221 P3d 749 (2009), *rev den*, 348 Or 291 (2010) (quoting *State v. Walton*, 311 Or 223, 235, 809 P2d 81 (1991)). We have clarified that the method of analysis under *Mayfield* "is a matter of substance, not form or litany." *Brown*, 272 Or App at 433. Thus, even if a trial court does not "'expressly follow the *Mayfield* analysis,'" it nonetheless meets the requirements of *Mayfield* if "the record establishes that, in deciding to admit [the evidence], the trial court considered the matters prescribed in *Mayfield*." *Borck*, 230 Or App at 637 (quoting *State v. Meyers*, 132 Or App 585, 588, 889 P2d 374 (1995)).

Here, the court made specific findings, in both cases, concerning the probative value and prejudicial effect of the evidence. Also, the trial court did not admit the evidence "wholesale and indiscriminately." *Id.* at 638. The court excluded evidence of defendant throwing things at A in the second case and directed the state to "narrow" its presentation of the evidence in order to reduce the prejudicial effect. Therefore, "[a]lthough the court's statements are not extensive, the totality of the attendant circumstances indicate that the court did engage in the conscious process of balancing the costs of the evidence against its benefits that *Mayfield* requires." *Id.* at 638 (internal quotation marks omitted). Under those circumstances, the deficiencies in the trial court's *Mayfield* analysis—if any—are not obvious ones, and any error by the trial court is not plain.

Finally, we reject defendant's third assignment of error as moot. As noted, after defendant filed his opening

brief, the trial court entered an amended judgment that merged the two convictions for criminal trespass about which defendant complains. The amended judgment renders defendant's assignment of error moot. *State v. Hess*, 273 Or App 26, 36, 359 P3d 288 (2015).

Affirmed.