Submitted December 23, 2014, reversed and remanded March 9, petition for review allowed June 30, 2016 (359 Or 847)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRETT NICHOLAS MAZZIOTTI,
*Defendant-Appellant.*

Lane County Circuit Court
201218698; A153713

360 P3d 1200

Peter Gartlan, Chief Defender, and Robin A. Jones, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

SERCOMBE, P. J.

## SERCOMBE, P. J.

Defendant appeals from a judgment convicting him of failure to perform the duties of a driver when property is damaged, ORS 811.700, failure to perform the duties of a driver to injured persons, ORS 811.705, reckless endangerment, ORS 163.195, and reckless driving, ORS 811.140. In his first three assignments of error, defendant contends that the trial court erred when it allowed the state to present evidence of his prior convictions for eluding and reckless driving and police testimony concerning the facts underlying those prior convictions.[1] In his opening brief, defendant asserts that the trial court erred in admitting evidence relating to his prior convictions for eluding and reckless driving under OEC 404(3).[2] According to defendant, the trial court "erroneously concluded that the evidence was relevant to prove that, because defendant drove recklessly and eluded police * * * in the past, he had a motive to leave the scene of the [accident at issue in this case] before police arrived" and also that "he had knowledge of the risk of injuries associated with his manner of driving * * * in this case." He also asserts that the prior acts evidence "was not relevant to any issue in this case apart from what it shows about defendant's character or propensity, and the risk of unfair prejudice to defendant necessarily outweighed its probative value[.]" *See* OEC 403.[3]

After oral argument, the Supreme Court decided *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), in which it concluded that OEC 404(4) "supersede[s] OEC 404(3) in

---

[1] In a fourth assignment, defendant asserts that the court erred in denying his request for a jury instruction concerning the defense of choice-of-evils. We reject defendant's fourth assignment of error without discussion.

[2] Pursuant to OEC 404(3),

"[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of the person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[3] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

criminal cases, except \*\*\* as otherwise provided by the state or federal constitutions."[4] *Id.* at 15. In *Williams,* the court held that, under OEC 404(4), a trial court may admit evidence of a criminal defendant's other crimes, wrongs, or acts if "(1) it is relevant under OEC 401, and (2) as required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, 'a trial court determines whether the risk of unfair prejudice posed by the evidence outweighs its probative value under OEC 403.'" *State v. Horner,* 272 Or App 355, 357, 356 P3d 111 (2015) (quoting *Williams,* 357 Or at 24); *see State v. Brumbach,* 273 Or App 552, 560-61, 359 P3d 490 (2015) (under *Williams,* "(1) evidence offered to show a person's character and propensity to act accordingly may be relevant under OEC 401; (2) OEC 404(4) supersedes OEC 404(3); (3) OEC 404(4) is subject to OEC 403 balancing to the extent required by the Oregon and United States constitutions; and (4) at least in a prosecution for child sexual abuse, evidence of uncharged misconduct used to show propensity is admissible subject to balancing" (footnote omitted)).

In light of *Williams,* in a supplemental memorandum, defendant points out that he "moved in limine to exclude the evidence," arguing, among other things, that, even if the evidence was relevant, "the risk of unfair prejudice substantially outweighed its probative value." In view of the court's conclusion in *Williams* that the admission of evidence under OEC 404(3) is subject to balancing under OEC 403, defendant asserts that the trial court "erred by admitting the evidence in this case without weighing its probative value against the danger of unfair prejudice." As explained below, we agree with defendant that the trial court erred in failing to conduct OEC 403 balancing, and, because it was

---

[4] OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise required by:

"(a) [OEC 406 to 412] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403];

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

error to admit the prior act evidence without properly conducting that balancing, we reverse and remand.

The charges at issue in this case arose from a 2012 traffic accident involving a motorcycle driven by defendant and also carrying defendant's passenger, Belk. The accident occurred when a car pulled out in front of the motorcycle. Because defendant was unable to stop the motorcycle in time, it collided with the car. Belk was thrown from the motorcycle and sustained injuries. Defendant moved Belk to the side of the road where she was attended by a nursing student who had stopped. Defendant also moved the motorcycle off the roadway. He then accepted a ride from a passerby who offered to take him to the hospital. The passerby dropped defendant off at a location where he had agreed to meet his girlfriend and she took him to the hospital. Ultimately, defendant was charged with failure to perform the duties of a driver, reckless endangerment, and reckless driving.

Before trial, the court was asked to rule on the admissibility of evidence of defendant's prior convictions for eluding and reckless driving. The state sought to present police officer testimony relating to two incidents. First, in 2000, defendant, while driving a vehicle, failed to stop at a stop sign and then, when a police officer initiated a traffic stop, drove off as the officer was getting out of his patrol car. Defendant then led police on a chase through town until they apprehended him when he pulled into a garage. Second, in 2002, defendant drove through a stop sign at a high rate of speed, losing control of his vehicle in the process and nearly hitting a police vehicle. The officer followed the vehicle, which he found running and abandoned. Defendant was later apprehended. In addition to police testimony regarding those incidents, the state sought to introduce evidence of defendant's convictions stemming from those incidents.

In the state's view, the evidence in question was relevant to prove "motive and knowledge." The state asserted that the evidence was "relevant to show the Defendant's criminal intent and in this case the awareness and disregard, and the recklessness." Defendant, for his part, asserted that the evidence relating to the prior incidents and convictions

should be excluded. He argued that the evidence in question was not relevant for any permissible purpose, including to demonstrate his knowledge or motive. Furthermore, defendant asserted that, even if the evidence was relevant, its probative value was outweighed by the danger of unfair prejudice. The court ruled that the evidence in question would "be allowed under the rule, because it sounds like they go to knowledge with respect to Counts 4 and 5 [reckless endangerment and reckless driving]."

Defendant assigns error to the trial court's admission of that evidence. As noted, defendant initially argued that the evidence was improperly admitted under OEC 404(3). However, in light of the court's holding in *Williams*, defendant argues that the trial court was required to conduct OEC 403 balancing before the prior act evidence could be admitted. He asserts that the trial court, therefore, erred by admitting the evidence at issue without weighing its probative value against the risk of unfair prejudice, and the judgment must be reversed and remanded. The state responds, first, that, although the trial court "did not explicitly say whether it had conducted OEC 403 balancing," because the "parties thoroughly argued the OEC 403 question before the court ruled," we can conclude that the "court implicitly considered and rejected defendant's OEC 403 argument (implicitly concluding that the probative value of the evidence was not substantially outweighed by the risk of unfair prejudice)." In the alternative, the state asserts that, even if the court did not conduct OEC 403 balancing, the balancing required pursuant to *Williams* is purely a "legal, due process question." Accordingly, the state asserts that this court can conduct the balancing itself and remand is not required. As explained, we reject both of the state's contentions.

We are unpersuaded by the state's contention that we should uphold the trial court's ruling based on the understanding that the court implicitly considered defendant's OEC 403 argument and concluded that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. First, we are not convinced that the record supports that contention. It is correct, as the parties note, that defendant argued to the trial court that the

prior act evidence should be excluded because, among other reasons, its probative value was outweighed by the danger of unfair prejudice. The state, for its part, did not directly address that question. Although it noted that the "evidence is going to make the Defendant look bad," it observed that "all evidence is prejudicial in that regard." The state urged that "the Court is allowed to * * * admit those other crimes, wrongs and acts" for the purpose of proving "motive and knowledge." The state further contended that the court need not "even really get to [the OEC 403] analysis" unless "there's some sort of constitutional issue" such as if the state "was trying to use [the prior act evidence] for some improper purpose." As the state acknowledges, the court did not address OEC 403 in its ruling, stating only that the prior acts evidence went to defendant's knowledge and would, therefore, be admitted.

Under those circumstances, we cannot conclude that the court implicitly conducted OEC 403 balancing and concluded that the probative value of the proffered evidence was not substantially outweighed by its prejudicial effect. In *State v. Mayfield*, 302 Or 631, 733 P2d 438 (1987), the Supreme Court set forth an "approved method of analysis that should guide trial courts in their decision-making under OEC 403." *State v. Borck*, 230 Or App 619, 637, 216 P3d 915, *adh'd to as modified on recons*, 232 Or App 266, 221 P3d 749 (2009), *rev den*, 348 Or 291 (2010) (internal quotation marks omitted). That analysis consists of four steps:

> "First, the trial judge should assess the proponent's need for the uncharged misconduct evidence. In other words, the judge should analyze the quantum of probative value of the evidence and consider the weight or strength of the evidence. In the second step the trial judge must determine how prejudicial the evidence is, to what extent the evidence may distract the jury from the central question whether the defendant committed the charged crime. The third step is the judicial process of balancing the prosecution's need for the evidence against the countervailing prejudicial danger of unfair prejudice, and the fourth step is for the judge to make his or her ruling to admit all the proponent's evidence, to exclude all the proponent's evidence or to admit only part of the evidence."

*Mayfield*, 302 Or at 645. In conducting balancing under OEC 403, the court must "make a record which reflects an exercise of discretion." *Id.* The method of analysis set forth in *Mayfield* "is a matter of substance, not form or litany." *State v. Brown*, 272 Or App 424, 433, 355 P3d 216, *rev den*, 358 Or 145 (2015). "Thus, even if a trial court does not expressly follow the *Mayfield* analysis, it nonetheless meets the requirements of *Mayfield* if the record establishes that, in deciding to admit the evidence, the trial court considered the matters prescribed in *Mayfield*." *State v. Corbin*, 275 Or App 609, 616, 365 P3d 647 (2015) (internal quotation marks and brackets omitted).

Here, the record does not establish that, in deciding to admit the evidence, the court considered the relevant factors or exercised its discretion under OEC 403 in determining that it was appropriate to admit the evidence. The court made no findings regarding the probative value or prejudicial effect of the evidence. Indeed, the record would support a conclusion that the court decided that OEC 403 balancing was not required in this case. Contrary to the state's assertion, we cannot conclude, on this record, that the trial court implicitly balanced the relevant factors and concluded that the probative value of the prior acts evidence was not substantially outweighed by the danger of unfair prejudice.

We are similarly unpersuaded by the state's contention that, even if the trial court did not conduct OEC 403 balancing, that balancing, under OEC 404(4), is a "purely legal, due process question" that the trial court need not address in the first instance. In *Brumbach*, the state asserted that there was "a meaningful distinction between the balancing required by due process and [the balancing required under] OEC 403." 273 Or App at 560. In the state's view, "due process balancing is more favorable to the admission of evidence than the balancing required by OEC 403." *Id.* In addressing that contention, we observed that, in *Williams*, the court stated that "the only way that a court can ensure that the admission of 'other acts' evidence is not unfairly prejudicial and a violation of 'fundamental concepts of justice' is to conduct OEC 403 balancing. We therefore hold that that balancing is required by the Due Process Clause." 357 Or at 18-19; *see Brumbach*, 273 Or App at 563. Accordingly, in

*Brumbach*, we rejected the state's argument and concluded that, under *Williams*, due process requires ordinary OEC 403 balancing. 273 Or App at 563; *id.* at 563 n 11 (noting that we "take the Supreme Court's words at face value— that only OEC 403 balancing can ensure that the admission of evidence of other acts does not offend due process and, therefore, due process requires OEC 403 balancing"). And, as noted, OEC 403 balancing requires an exercise of discretion by the trial court in the first instance. *See Mayfield*, 302 Or at 645 (trial "judge errs if the judge fails to exercise discretion, refuses to exercise discretion or fails to make a record which reflects an exercise of discretion"); *see also State v. Shaw*, 338 Or 586, 615, 113 P3d 898 (2005) (appellate courts review trial court's "determination as to whether evidence is unfairly prejudicial under OEC 403 for abuse of discretion").

In sum, where a defendant requests that the trial court exclude other acts evidence under OEC 403 because the probative value of the evidence is outweighed by the danger of unfair prejudice, it is error for the court to admit the other acts evidence without first conducting OEC 403 balancing. *See Brumbach*, 273 Or App at 565. Here, defendant raised his OEC 403 argument before the trial court, contending that the evidence relating to his prior convictions for eluding and reckless driving should be excluded because the probative value of that evidence was outweighed by the danger of unfair prejudice. The trial court, however, admitted the prior act evidence without first conducting OEC 403 balancing. That was error under *Williams*.

The state does not argue that any error in failing to conduct OEC 403 balancing was harmless and, on this record, we cannot conclude that the trial court's error was harmless beyond a reasonable doubt. *See Brumbach*, 273 Or App at 564 ("Under *Williams*, a failure to perform the requisite balancing test is a violation of defendant's due process rights under the United States Constitution. Consequently, we apply the federal harmless error test. Federal harmless error applies to due process violations. A federal constitutional error is harmless, such that the conviction will be upheld, 'if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless

beyond a reasonable doubt.'" (Quoting *Delaware v. Van Arsdall*, 475 US 673, 681, 106 S Ct 1431, 89 L Ed 2d 674 (1986) (citations omitted).)). Accordingly, we reverse defendant's convictions and remand for a new trial. *See id.*

Reversed and remanded.