370 April 27, 2017 No. 22

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Petitioner on Review,*

*v.*

BRETT NICHOLAS MAZZIOTTI,
*Respondent on Review.*

(CC 201218698; CA A153713; SC S064085)

On appeal from the Court of Appeals.*

Argued and submitted November 14, 2016.

Doug M. Petrina, Assistant Attorney General, Salem, argued the cause and filed the brief for petitioner on review. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Kristin A. Carveth, Deputy Public Defender, Salem, argued the cause and filed the brief for respondent on review. Also on the brief were Ernest G. Lannet, Chief Defender, Office of Public Defense Services and Mary M. Reese, Deputy Public Defender.

Before Balmer, Chief Justice, and Kistler, Walters, Landau, Brewer, and Nakamoto, Justices, and Baldwin, Senior Justice, Justice pro tempore.**

WALTERS, J.

The decision of the Court of Appeals is affirmed. The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings, consistently with this opinion.

_____

\* On appeal of a judgment of the Lane County Circuit Court, Josephine H. Mooney, Judge. 276 Or App 773, 369 P3d 1200 (2016).

\*\* Flynn, J., did not participate in the consideration or decision of this case.

**WALTERS, J.**

In this case, a prosecution for failure to perform the duties of a driver, reckless endangerment, and reckless driving, the trial court admitted other acts evidence over defendant's objection and, the state concedes, without conducting OEC 403 balancing. We agree with the Court of Appeals that that was reversible error. *State v. Mazziotti*, 276 Or App 773, 360 P3d 1200 (2016). We affirm the decision of the Court of Appeals, reverse the trial court's judgment of conviction, and remand the case to the trial court for further proceedings.

Defendant was charged with crimes arising from a 2012 traffic accident that occurred after defendant, who was driving a motorcycle, had been speeding. When a car turned in front of defendant, he was unable to avoid a collision, and his passenger was thrown from the motorcycle and sustained injuries. After the accident, defendant moved his passenger to the side of the road, moved the motorcycle from the roadway, and then accepted a ride from the scene from a passerby. Ultimately, defendant was charged with failure to perform the duties of a driver, reckless endangerment, and reckless driving.

Before trial, the state moved to admit evidence of two prior police encounters that defendant had had with police officers and the criminal convictions that resulted from those encounters. The first encounter had resulted in convictions for reckless driving and attempting to elude. A police officer testified that, when defendant failed to stop at a stop sign, the officer had initiated a traffic stop and defendant had driven away with the police in pursuit. Defendant had increased his speed to roughly 55 miles per hour, led the police into a residential neighborhood, and made two immediate turns at a high rate of speed. During the second encounter, defendant had driven through a stop sign at a high rate of speed and lost control of his vehicle, nearly hitting a police vehicle. Defendant again was convicted of reckless driving.

Before the trial court, the state argued that that other acts evidence was relevant for nonpropensity purposes, *viz*., to prove "motive and knowledge" and to show

defendant's "criminal intent and in this case the awareness and disregard, and the recklessness." Defendant argued that the evidence should be excluded because it was not relevant for any nonpropensity purpose and that, even if it were relevant, its probative value was substantially outweighed by the danger of unfair prejudice, under OEC 403. The state countered that balancing was not required "unless [there was] some sort of constitutional issue at stake." Without stating whether it had engaged in any sort of balancing, the trial court admitted the evidence. Defendant was convicted of all charges.

On appeal to the Court of Appeals, defendant assigned error to the trial court's admission of the other acts evidence. *Id*. at 777. Defendant initially challenged the admission of that evidence as improper character evidence under OEC 404(3). *Id*. After this court's decision in [State v. Williams](), 357 Or 1, 346 P3d 455 (2015), defendant filed a supplemental brief arguing that, under *Williams*, the trial court was required to conduct OEC 403 balancing to determine whether the other acts evidence was admissible. *Mazziotti*, 276 Or App at 777. The state responded that, although the trial court had not explicitly stated whether it had conducted OEC 403 balancing, the court implicitly had done so. *Id*. The state also argued, in the alternative, that, even if the court had not conducted OEC 403 balancing, the balancing required under *Williams* is purely a "legal, due process question," and that the Court of Appeals therefore could conduct the balancing itself, without remand. *Id*. The Court of Appeals rejected the state's arguments and held that, "where a defendant requests that the trial court exclude other acts evidence under OEC 403 because the probative value of the evidence is outweighed by the danger of unfair prejudice, it is error for the court to admit the other acts evidence without first conducting OEC 403 balancing." *Id*. at 780. Because the Court of Appeals could not conclude that the trial court's error was harmless, it reversed defendant's convictions and remanded the case for a new trial. *Id*. at 780-81.

The state sought, and we granted, review. The state argues that we should reverse the decision of the Court of Appeals and affirm the judgment of the trial court because

the trial court was not required to conduct "traditional" OEC 403 balancing and admission of the challenged evidence did not violate due process. If this court disagrees, the state contends, we should order a remand, but only for rebalancing, and not for a new trial.

Our decision today in *[State v. Baughman](#)*, 361 Or 386, __ P3d __ (2017), answers the state's first argument. In *Baughman*, we held that, in a criminal case, when a defendant objects to other acts evidence that is relevant only to prove the defendant's character under OEC 404(4), the trial court must conduct balancing under OEC 403, according to the terms of that rule, to determine whether the probative value of the evidence is substantially outweighed by the risk of unfair prejudice. *Id.* at 402. The same is required when a defendant objects to other acts evidence that is relevant for a nonpropensity purpose under OEC 404(3). *Id.* at 404. The difference is not in the nature of the balancing, but in the likely result. As we explained in *Baughman*, nonpropensity evidence generally will be admissible under OEC 403, but evidence of defendant's character generally will not. *Id.* at 405. The latter category of evidence poses a more substantial risk of unfair prejudice and raises greater due process concerns. *Id.* Thus, the first step in conducting an analysis of the admissibility of other acts evidence is to determine whether the evidence is relevant for a nonpropensity purpose. *Id.* at 404.

In this case, the state proffered evidence of defendant's previous police encounters and driving-related convictions for a nonpropensity purpose, that is, to establish an element of two of the charged crimes—reckless endangerment and reckless driving. The state argued that the challenged evidence tended to prove that defendant had a subjective awareness of the risks of driving at excessive speeds and in an unsafe manner but chose to disregard those risks, establishing that defendant drove with a reckless state of mind. Defendant countered that he had done everything that he could to avoid the accident and that he had left the scene only to get immediate medical help. Defendant objected to the proffered evidence as not relevant for any nonpropensity purpose under OEC 404(3) and as inadmissible under OEC 403.

The trial court did not expressly determine the purposes for which it considered the evidence, and it did not conduct OEC 403 balancing. The state acknowledges that, "[g]iven the affirmative suggestion in the record that the trial court may have been conducting due process balancing," it is not fair to assume that the court in fact conducted "ordinary" OEC 403 balancing according to the terms of that rule. Consequently, we conclude, as did the Court of Appeals, that the trial court erred.

The state does not contend that that error was harmless; it acknowledges that the record does not demonstrate "that the admission of the other acts evidence did not contribute to the verdict." Instead, the state argues, as it did in *Baughman*, that we should not remand this case for retrial; we should remand to allow the trial court to correct its "procedural error," by conducting OEC 403 balancing. If the trial court then determines that the challenged evidence is admissible, a retrial will not be necessary. Before we address the state's argument, we pause to consider defendant's argument that it is not a retrial, but OEC 403 balancing, that is unnecessary. Defendant reasons that, when a defendant is not charged with child sexual abuse but is instead charged with another type of crime, evidence that goes to character is categorically inadmissible. Because that is the circumstance here, defendant argues, the trial court, on remand, must preclude the challenged evidence as a matter of law and grant him a new trial. *See Williams*, 357 Or at 17 (noting that, if defendant had been charged with crimes other than child sexual abuse, court might be persuaded that due process precludes the admission of other acts evidence).

The distinction that defendant makes between evidence offered to prove a defendant's propensity to commit sexual abuse and evidence offered to prove other criminal acts is an important one. However, in this case, the evidence that defendant challenges is not offered solely to prove defendant's propensity to commit the charged acts. The evidence that defendant had, on two prior occasions, driven at high rates of speed under dangerous circumstances was evidence of defendant's subjective awareness of the risks that such conduct posed and was relevant to an element of two of the

charged crimes. Defendant may be correct that some of the other acts evidence proffered by the state—for instance, his conviction for attempting to elude—was relevant only to his character. However, the fact that other evidence proffered by the state undoubtedly was relevant for a nonpropensity purpose means that the evidence as a whole cannot be considered solely character evidence subject to categorical exclusion. Consequently, we need not decide, at this juncture, whether evidence admitted in a criminal case, other than a prosecution for child sexual abuse, solely to prove a defendant's propensity to commit the charged acts, necessarily would violate due process.

Turning back to the state's contention that a limited remand is the appropriate remedy in this case, we again find our response in *Baughman* determinative. 361 Or at 410-11. As we did there, we leave the decision about the appropriate proceedings on remand to the trial court. We recognize that, on remand, the trial court may exclude at least some of the other acts evidence that it previously admitted and that, as a consequence, retrial may be necessary. *See id.* at 403 (noting that other acts evidence that goes only to character generally will have little or no cognizable probative value and will present increased danger of unfair prejudice and significant due process concerns). However, that decision and others are for the trial court in the first instance. Consistently with *Baughman*, we remand to the trial court for a determination of the relevant purposes of other acts evidence that the state proffers under OEC 404(3) or OEC 404(4), balancing under OEC 403, and a determination of whether a new trial is necessary or appropriate.

The decision of the Court of Appeals is affirmed. The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings, consistently with this opinion.