PER CURIAM
*276 *318 Defendant, who was convicted of delivery, manufacture, and possession of methamphetamine, appeals the trial court's judgment, contending that the court erred in admitting "other acts" evidence without first conducting OEC 403 balancing as requested by defendant. The state concedes that the court erred in refusing to engage in OEC 403 balancing to determine whether the probative value of the challenged evidence was outweighed by the danger of unfair prejudice. We agree, and accept the state's concession. See State v. Baughman , 361 Or. 386, 403-05, 393 P.3d 1132 (2017) (if requested, trial court must conduct OEC 403 balancing when other acts evidence is admitted under OEC 404(3) or OEC 404(4) ); State v. Mazziotti , 361 Or. 370, 374, 393 P.3d 235 (2017) ("[I]n a criminal case, when a defendant objects to other acts evidence that is relevant only to prove the defendant's character under OEC 404(4), the trial court must conduct balancing under OEC 403, according to the terms of that rule, to determine whether the probative value of the evidence is substantially outweighed by the risk of unfair prejudice. The same is required when a defendant objects to other acts evidence that is relevant for a nonpropensity purpose under OEC 404(3)." (Citation omitted.) ). Furthermore, we agree with the state that, as in Baughman and Mazziotti , the case must be remanded for the trial court to conduct the required balancing and to determine, in light of that balancing, whether a new trial is necessary or appropriate. See Baughman , 361 Or. at 410-11, 393 P.3d 1132 ; Mazziotti , 361 Or. at 376, 393 P.3d 235.
Reversed and remanded for further proceedings consistent with this opinion.