LAGESEN, P. J.
*63 This case, which we initially affirmed without opinion, State v. White , 284 Or. App. 673, 393 P.3d 1206 (2017), comes to us on remand from the Supreme Court for reconsideration in light of its trilogy of cases involving OEC 403 balancing:
*204 State v. Mazziotti , 361 Or. 370, 393 P.3d 235 (2017) ; State v. Zavala , 361 Or. 377, 393 P.3d 230 (2017) ; and State v. Baughman , 361 Or. 386, 393 P.3d 1132 (2017). For the reasons that follow, after considering those cases, we adhere to our earlier decision to affirm.
Defendant was convicted of various sexual offenses involving his girlfriend's minor daughter. He appealed and asserted that the trial court erred in admitting evidence of prior, uncharged acts of sexual abuse that he committed against the victim when the family was residing in California.[1] Defendant argued that, in undertaking the balancing required by OEC 403, the trial court had failed to appreciate that one or both of the theories of relevance on which it relied-(1) to show defendant's sexual predisposition toward the victim and (2) to explain the victim's delay in reporting the abuse-were actually propensity theories that depended on inferences about defendant's character. He relied on this court's decision in State v. Baughman , 276 Or. App. 754, 772, 369 P.3d 423 (2016), in which we had held that the trial court's OEC 403 balancing was based, in part, on an erroneous conclusion about the probative value of evidence that was "merely propensity by a different name."
As noted above, in this case we initially affirmed without opinion. A month later, the Supreme Court issued *64 its opinion in Baughman , which affirmed our decision and held that "an argument that the evidence is admissible to bolster the victim's testimony is no more than a propensity argument by another name." 361 Or. at 406, 393 P.3d 1132. Defendant then petitioned the Supreme Court for review in this case, asserting that the trial court erred "by relying on propensity inferences to state the relevant value of the evidence-i.e. , that the uncharged misconduct explained the victim's delay in reporting by bolstering her credibility and that the uncharged misconduct evidence made it more likely that defendant committed the charged offenses because of his 'sexual predisposition' toward the victim[.]" The Supreme Court allowed review, vacated our decision, and remanded the case to us for reconsideration in light of its decision in Baughman and its related decisions in Zavala and Mazziotti .
In a supplemental brief on remand, defendant has now narrowed his argument, focusing solely on the trial court's assessment of the probative value of the evidence to explain the victim's delayed reporting.[2] The premise of that argument continues to be that "misconduct evidence that explains a delayed report because it bolsters the credibility of the complainant is properly considered propensity evidence. This is so because the relevance of the uncharged misconduct evidence to explain the delayed report rests on a propensity inference-that the complaint is credible because defendant acted consistently with his character to abuse her." (Emphasis by defendant.) But, defendant argues, the trial court *205 erroneously treated the theory as a nonpropensity theory, which significantly affected the court's OEC 403 balancing. See, e.g. , Baughman , 361 Or. at 410, 393 P.3d 1132 (explaining that a trial court's error in giving challenged evidence weight for nonpropensity purposes when it is not relevant for *65 those purposes may significantly affect the court's decision about whether to admit the evidence under OEC 403 ).
Defendant is mistaken. Evidence of the other abuse perpetrated is neither per se propensity evidence nor per se relevant for a nonpropensity purpose. Determining the purpose or purposes for which evidence of other abuse may be relevant is a circumstance-dependent exercise, and the particular facts about other abuse may make evidence of that abuse relevant to a nonpropensity purpose when, for example, the evidence explains a fact of consequence-such as the reason for a victim's delay in reporting the charged abuse-that informs the jury's assessment of credibility.
In State v. Zybach , 308 Or. 96, 100, 775 P.2d 318 (1989), the court explained that evidence of other, uncharged abuse can be probative of the reasons for delayed reporting of the charged conduct:
"The repeated association between the pursuer and the pursued was directly relevant to demonstrate why, having failed to complain about the initial sex act, the victim reported it when defendant did not desist from pestering her. * * * The victim was properly allowed to testify to facts from which a jury could infer reasons for the delayed reporting ."
(Emphasis added.) The court in Zybach distinguished that type of theory from a propensity theory: "[A]lthough the evidence was not admissible to show that defendant had a propensity to have sexual intercourse or similar contact with minor girls, it was relevant to show why the child had not reported the original sexual assault." Id. at 99-100, 775 P.2d 318.
In this case, the trial court similarly recognized the probative value of the evidence to explain the victim's delay in reporting the charged acts. In response to defendant's motion in limine , the prosecutor argued:
"[A]mongst the evidence that I intend to produce is that this young lady-an explanation for what could be perceived as a delayed disclosure as well on this, because she claims that she was being abused before. But what she's also, I suspect, going to testify to and the hearsay statement that I would propose is admissible from her video-taped disclosure is that she did in fact tell her mother of *66 that past abuse and that her mother challenged her, saying she was just trying to get attention. And the mother sided with the defendant through this and allowed her the continued opportunity to be abused in other situations from the defendant ."
(Emphasis added.) In ruling on the motion, the court agreed with the state's theory:
"It's also relevant to the State's suggestion that it goes to helping explain why it is that-and blunting any suggestion by the Defense that the victim's delay in reporting such conduct was the result of either-the result of-reflects that the victim somehow fabricated that."
That ruling reflects the type of theory countenanced in Zybach -namely, that the evidence was probative of why the victim had not disclosed the charged acts until she was taken into foster care months after they occurred.[3]
Nothing in Mazziotti , Zavala , or Baughman casts doubt on Zybach 's holding that the use of evidence involving other acts of abuse against the same victim to explain the victim's delayed reporting can be a permissible, nonpropensity purpose. Nor can those *206 later cases be read to hold that evidence that "bolsters" a victim's testimony is necessarily propensity evidence. In Baughman , the court reaffirmed that the purpose for which the evidence is offered, not the label of that theory, is what determines whether it is propensity evidence. 361 Or. at 407, 393 P.3d 1132 (citing State v. Pitt , 352 Or. 566, 578, 293 P.3d 1002 (2012) ). The problem with the evidence in Baughman was not that it "bolstered" a witness's testimony; a nonpropensity theory, such as to show motive, opportunity, or intent, will often bolster a witness's version of events, in the sense that it corroborates that version or makes it more likely to be true. The problem in Baughman was how the evidence bolstered the witness's testimony about the charged acts of abuse-specifically, through an inference that the *67 defendant acted consistently with his propensity to sexually abuse young girls. Here, by contrast, the evidence corroborated the victim's version of events through a nonpropensity inference: that the victim had not later fabricated the abuse but had delayed reporting it because of the circumstances surrounding reporting of defendant's previous abuse.
For those reasons, we reject defendant's contention that the trial court erred in its assessment of the probative value of the evidence to explain the victim's delayed reporting, and we adhere to our earlier decision.[4]
Affirmed.

Defendant's written motion in limine did not identify the specific "prior bad acts" that he sought to exclude, but the parties apparently had a discussion in chambers about defendant's past conduct. (In an exchange on the record regarding putting defendant in restraints, which occurred before the trial court's ruling on the motion in limine , the prosecutor represented that "the pretrial discovery also includes a claim by the alleged victim that the defendant had threatened to kill her if he was ever imprisoned as a result of her disclosing the abuse; which I don't think weighs in the defendant's favor as far as his dangerousness"; and, at trial, a videotape of the victim's interview included her statement that, "if I didn't do what he told me to, he'd be like, Oh, I'm going to do this to you or that, you know, like threatening. And I still wouldn't do it, and then he'd be like, 'And if you tell anybody and I go to jail, then I'm going to have someone come and kill you.' ") Defendant's arguments below and on appeal have treated past abuse collectively, without differentiating among specific acts of abuse.

Defendant has abandoned his argument that the trial court erred in concluding that the evidence was probative on a nonpropensity theory that it shows defendant's "sexual disposition" toward the victim. According to defendant, "a closer reading of the record" reveals that the trial court "admitted the evidence under OEC 404(4) to show defendant's propensity to engage in the charged conduct," as opposed to a nonpropensity purpose of showing "sexual predisposition." And, although defendant's original brief raised other assignments of error beyond OEC 403 balancing, he did not pursue those assignments in his petition for Supreme Court review and does not pursue them on remand. Accordingly, we confine our discussion to the probative value of the evidence with respect to delayed reporting.

In light of how this case has been litigated without differentiation among prior acts of abuse, see 293 Or. App. at 63 n. 1, we do not parse the evidence of defendant's prior abuse and instead consider whether any of that evidence would have been probative of the victim's delayed reporting. See State v. Brown , 310 Or. 347, 358-59, 800 P.2d 259 (1990) (explaining that, when a party unsuccessfully objects to evidence as a whole without segregating inadmissible and admissible parts, the trial court's ruling will be sustained if any part of the evidence is admissible).

We understand the remainder of defendant's argument on remand, in which he contends that the trial court abused its discretion when weighing the probative value against the prejudicial effect of the evidence, to hinge on his contention that relevance for the purpose of demonstrating delayed reporting is a propensity theory of relevance. To the extent that defendant advances a challenge to the court's balancing that is independent of that propensity argument, we reject it without discussion.