No. 694　　　December 28, 2023　　　821

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TREVOR ALAN LANE,
*Defendant-Appellant.*

Tillamook County Circuit Court
19CR38657; A174588

Mari Garric Trevino, Judge.

Submitted October 21, 2022.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Hellman, Judge, and Landau, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction entered after a jury trial for two counts of first-degree sexual abuse, ORS 163.427, and one count of luring a minor, ORS 167.057, based on his conduct towards the victim, M. For the reasons that follow, we affirm.

Defendant first assigns error to the trial court's admission of three hearsay statements contained in a police report. The state concedes that the court erred in admitting the statements under the recorded recollection hearsay exception in OEC 803(5) because the witness had not reviewed the police report when it was written, nor had she adopted the report at that time. We agree and accept the state's concession. *See State v. Edmonds*, 285 Or App 855, 860, 398 P3d 998 (2017), *rev'd on other grounds*, 364 Or 410, 435 P3d 752 (2019) (accepting the state's concession that the victim's statement in a recorded transcript could not be admitted when the testifying officer did not make the transcript or adopt it "'close in time to the interview'" but instead reviewed it more than 10 years later around the time of trial).

Despite the error, we cannot reverse a conviction if the asserted error is harmless; that is, if there is "little likelihood that the particular error affected the verdict[.]" *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). To determine whether an evidentiary error is harmless we "consider the nature of the evidence in the context of the trial as a whole." *State v. Simon*, 294 Or App 840, 849, 433 P3d 385 (2018), *rev den*, 365 Or 502 (2019) (citing *Davis*, 336 Or at 33-34). Factors we consider in that analysis include "how the case was tried[,]" "the extent to which the disputed evidence was or was not emphasized by the parties and central to their theories of the case[,]" and "whether the evidence was cumulative of other evidence admitted without objection, which includes assessing any differences in the quality of the erroneously admitted or excluded evidence as compared to the other evidence on the same issue." *Simon*, 294 Or App at 849.

Here, the admitted hearsay statements all related to defendant's initial explanation of the reason for M's

allegations. Two of the hearsay statements were directly cumulative of other evidence that was admitted without objection. The third hearsay statement was of a qualitatively similar nature. Although the state mentioned the hearsay statements in closing argument, it was a small part of a larger argument supported by admissible testimony that challenged defendant's credibility, and the hearsay statements themselves were not emphasized. We thus conclude that the trial court's erroneous admission of the hearsay statements in the police report was harmless.

In his second assignment of error, defendant argues that the trial court erred when it allowed the admission of a statement by the victim during a forensic interview that she had delayed reporting other acts of abuse because she did not want defendant to "go back to jail." Having reviewed the underlying record and the argument of the parties, we conclude that the trial court did not err in admitting the evidence under OEC 404(3) to establish the victim's motive for delayed reporting and to establish that the victim had not fabricated the delayed disclosures of abuse. *State v. White*, 293 Or App 62, 65, 426 P3d 203, *adh'd to as modified on recons*, 294 Or App 780, 431 P3d 104 (2018), *rev den*, 364 Or 294, *and rev den*, 364 Or 535 (2019) (explaining that evidence of other abuse may be relevant for a nonpropensity purpose when it "explains a fact of consequence—such as the reason for a victim's delay in reporting the charged abuse—that informs the jury's assessment of credibility"). We also conclude that the record reflects that the trial court conducted adequate OEC 403 balancing when it considered the factors under *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987). Accordingly, the trial court did not abuse its discretion in admitting the statements made by the victim during the forensic interview.

Affirmed.