PER CURIAM
*593 Defendant appeals a judgment convicting him of aggravated harassment, ORS 166.070, resisting arrest, ORS 162.315, second-degree criminal mischief, ORS 164.365, and second-degree disorderly conduct, ORS 166.025. In his two assignments of error on appeal, defendant challenges the trial court's admission of two exhibits, State's Exhibits 18 and 20. He argues, in part, that the trial court erred by admitting those exhibits without first conducting OEC 403 balancing on the record to determine if the probative value of the evidence was outweighed by the danger of unfair prejudice. The state, for its part, concedes that the trial court erred in admitting the evidence in question without first, on the record, engaging in OEC 403 balancing. We agree and accept the state's concession. See State v. Baughman , 361 Or. 386, 403-05, 393 P.3d 1132 (2017) ; State v. Mazziotti , 361 Or. 370, 374-75, 393 P.3d 235 (2017). Cf. State v. Anderson , 363 Or. 392, 406, 423 P.3d 43 (2018) (rejecting argument that trial court's ruling did not reflect an exercise of OEC 403 balancing; what is necessary is that the record "demonstrates that the court balanced the appropriate considerations"). Accordingly, we reverse and remand for the trial court to conduct OEC 403 balancing on the record, and for such other proceedings as may be required as a result of the outcome of that balancing. See Baughman , 361 Or. at 410-11, 393 P.3d 1132 (explaining the scope of remand when judgment is reversed for failure to conduct OEC 403 balancing).
Reversed and remanded.