HADLOCK, P. J.
*594 Defendant seeks reconsideration of our opinion in State v. Plueard , 296 Or. App. 580, 439 P.3d 556 (2019), in which we reversed and remanded based on our determination that the trial court erred when it admitted certain evidence about "grooming" and that the error was not harmless. In his petition for reconsideration, defendant asks us to delete footnote 1 from the opinion. That footnote states:
"When the Supreme Court remanded for further proceedings in [ State v. Henley , 363 Or. 284, 422 P.3d 217 (2018) ], it suggested that the parties might-on remand-develop 'the evidentiary record concerning admissibility' of the proffered grooming evidence and that the trial court could then determine, in the first instance, whether the state had established the scientific validity of that evidence. It appears that, under Henley , the trial court has that option in this case on remand. If it determines that the evidence was, after all, admissible, then no new trial will be necessary."
Plueard , 296 Or. App. at 582 n. 1, 439 P.3d 556. Defendant challenges that footnote on several grounds. With the following exception, we reject those arguments without discussion.
*1197 We grant reconsideration, however, to address one argument that defendant makes in his petition. Reduced to its essence, that argument is that we were overly directive in the last sentence of the quoted footnote. Defendant relies on State v. Baughman , 361 Or. 386, 411, 393 P.3d 1132 (2017), in which the Supreme Court reversed and remanded because the trial court had erred in determining the purpose for which certain other-acts evidence could be admitted, undermining the soundness of its balancing determining under OEC 403. The Supreme Court explained that, on remand, the state would "be entitled to make new arguments about the purposes, if any, for which [that] evidence is relevant," and the trial court could then conduct a new OEC 403 analysis. The court further explained that a new trial might be necessary, whether or not the trial court again ruled the evidence admissible, "to allow the parties to make new arguments, and the court to give new instructions, to the jury," given the possibility that the evidence would be admitted for *595 a different reason on remand than it was originally. 361 Or. at 411, 393 P.3d 1132. Because the trial court would be "in the best position to assess the need for a new trial after it *** determined the purposes for which the challenged evidence [was] relevant," the Supreme Court "[left] it to the trial court to determine the nature of the proceedings that are necessary or appropriate on remand." Id .
Defendant contends that, under Baughman , we erred by stating that "no new trial will be necessary" in this case if the trial court determines, on remand, that the grooming evidence was admissible. In response, the state asserts that it is much less likely here that a new trial will still be needed if, on remand, the state is able to lay an adequate foundation for the challenged grooming evidence because, unlike in Baughman , the purpose for which that evidence was offered will not have changed. The state acknowledges, however, "that the question whether a new trial is necessary will ultimately be one for the trial court to resolve after it reconsiders the foundational admissibility of the challenged evidence on remand." (Emphasis in state's brief.)
The state may be correct that it is less likely here than in Baughman that the trial court will determine that a new trial still is necessary, even if it ultimately determines on remand that the evidence at issue (here, the grooming evidence) was admissible. Nonetheless, we agree with defendant that we should not have foreclosed that possibility. Moreover, as we explain below, the footnote was not only too limiting, it was unnecessary.
We have emphasized that "appellate taglines must be read in the context of the opinion as a whole." State v. Barajas , 262 Or. App. 364, 366, 325 P.3d 772 (2014). In the absence of other direction or limitation in the appellate opinion, "when our tagline specifies, in toto , 'Reversed and remanded,' the 'reversed' part of the tagline negates the appealed judgment or order and the 'remanded' part sends the case back to the lower tribunal as though the original proceeding did not occur." Allen v. Premo , 251 Or. App. 682, 686, 284 P.3d 1199 (2012). However, "[t]here may be exceptions, such as when something in the text of the opinion itself clearly indicates that the remand is partial." Id .
*596 In light of that understanding of our taglines, footnote 1 in our original opinion was surplusage. Our use of the "Reversed and remanded" tagline was sufficient to signal to the trial court that it would have authority, on remand from this court, to "determine the nature of the proceedings that are necessary or appropriate on remand." Baughman , 361 Or. at 411, 393 P.3d 1132. Accordingly, we grant the petition for reconsideration and delete footnote 1 from the opinion.[1]
Reconsideration allowed; former opinion modified and adhered to as modified.

Judge Aoyagi continues to dissent from the majority's holding, but she has joined in this opinion on reconsideration because she agrees that removal of footnote 1 is appropriate under the circumstances.