PER CURIAM
*880 Appealing a judgment of conviction for attempted sodomy in the second degree and attempted sodomy in the first degree, defendant assigns error to (1) the trial court's denial of his motion for a mistrial, based on the state's failure to disclose recorded interviews of multiple witnesses until near the end of trial; (2) the trial court's admission of expert testimony regarding grooming without an adequate foundation to establish its scientific validity; and (3) the trial court's instruction to the jury that it could render a nonunanimous verdict, and the court's acceptance of nonunanimous verdicts.
We reject without written discussion defendant's challenge to the denial of his motion for a mistrial and his plain error challenges implicating jury unanimity. As for defendant's contention regarding the admission of the expert testimony regarding *735 grooming, we are not persuaded by the state's argument that this case is distinguishable from State v. Henley , 363 Or. 284, 422 P.3d 217 (2018), and State v. Plueard , 296 Or. App. 580, 439 P.3d 556, adh'd to as modified on recons. , 297 Or. App. 592, --- P.3d ---- (2019). For reasons similar to those identified in both Henley and Plueard , the trial court erred by admitting the grooming testimony without requiring the state to lay an adequate foundation. We therefore reverse and remand.
Reversed and remanded.