Argued and submitted July 8, 2020, affirmed May 19, petition for review denied
July 29, 2021 (368 Or 511)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RUSSELL ALLEN BAUGHMAN,
*Defendant-Appellant.*

Clatsop County Circuit Court
111306; A168051

489 P3d 1089

Cindee S. Matyas, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

This matter is on appeal for the second time. We affirm.

In defendant's first appeal, the case went to the Supreme Court which reversed and remanded, ruling that the trial court erroneously admitted other-acts evidence for the nonpropensity purposes identified by the trial court. *State v. Baughman*, 361 Or 386, 410-11, 393 P3d 1132 (2017). The court explained that the trial court's task on remand was to allow the state to make new arguments regarding admissibility under OEC 404 and 403, and to assess whether "a new trial may be required to allow the parties to make new arguments, and the court to give new instructions, to the jury." *Id.* at 411. On remand, the trial court followed the Supreme Court's directive, decided a new trial was not required, and reinstated the previous judgment.

Defendant appeals. He raises three assignments of error in his opening brief: (1) that the trial court abused its discretion by declining to grant a new trial; (2) that the trial court's balancing under OEC 403 was not adequate under *State v. Mayfield*, 302 Or 631, 733 P2d 438 (1987); and (3) that the trial court plainly erred by imposing a compensatory fine. He raises an additional assignment of error in a supplemental brief: that the trial court plainly erred by instructing the jury that it could return nonunanimous verdicts.

The state responds that (1) the arguments defendant makes regarding a new trial are unpreserved because his arguments to the trial court were different; (2) the court's OEC 403 balancing met the *Mayfield* standard as that standard has been clarified by *State v. Anderson*, 363 Or 392, 423 P3d 43 (2018); and (3) we should not exercise our discretion to correct any error in the imposition of the compensatory fine because defendant neither preserved the issue originally nor raised it with the trial court on remand, even though defendant raised the same assignment of error in his first appeal. As for the supplemental assignment of error, the state points out that it is unpreserved and that the jury was not polled, meaning that the Supreme Court's

decision in *State v. Dilallo*, 367 Or 340, 478 P3d 509 (2020), should control.

We reject the first two assignments of error and the supplemental assignment of error for the reasons argued by the state. As for the third assignment of error, we decline to exercise our discretion to correct any error. In determining whether to exercise our discretion to correct an error alleged to be plain, we take into account whether granting relief would "subvert the comity considerations [between trial courts and the appellate court] that underlie the preservation requirement." *State v. Jury*, 185 Or App 132, 140, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003). Where, as here, a party has had two opportunities to bring an alleged error to a trial court's attention before raising it on appeal but availed themselves of neither, and where, as here, there has been no change in the law and there is no other circumstance that would have made it futile to raise the issue with the trial court on either occasion, it would subvert those comity considerations to exercise our discretion to correct the alleged error.

Affirmed.