***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted October 6, 2022; Count 1 reversed and remanded,
remanded for resentencing, otherwise affirmed January 25, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMESON COLE PLUEARD,
*Defendant-Appellant.*

Washington County Circuit Court
C142372CR; A175296

D. Charles Bailey, Jr., Judge.

Richard D. Cohen argued the cause and filed the briefs for appellant.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

A jury found defendant guilty on one count of sexual abuse in the first degree (Count 1) and one count of using a child in a display of sexually explicit conduct (Count 2). We originally affirmed without opinion, then reversed and remanded for further proceedings following a remand from the Supreme Court, and finally reconsidered the latter decision, deleting a footnote from the opinion. *See State v. Plueard*, 291 Or App 842, 419 P3d 816, *vac'd and rem'd*, 363 Or 599 (2018) (*Plueard I*); *see also State v. Plueard*, 296 Or App 580, 439 P3d 556 (*Plueard II*), *adh'd to as modified on recons*, 297 Or App 592, 443 P3d 1195 (*Plueard III*) (2019). Defendant's current appeal follows those further proceedings on remand, asserting four assignments of error. The first two assignments raise evidentiary issues, the third challenges the trial court's posture as adversarial rather than judicial, and the fourth challenges his nonunanimous jury verdict on Count 1. The state concedes that defendant is entitled to reversal of the nonunanimous guilty verdict in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (a unanimous verdict is required to convict an accused defendant in state court). We agree with the state's concession and, therefore, reverse and remand on Count 1 without further discussion, remand for resentencing as required by ORS 138.257(4)(a)(A), and otherwise affirm on the remaining assignments of error, briefly addressed below.

The background contextual facts, which are undisputed, are these. Defendant's convictions relate to abusive conduct toward T, a developmentally disabled 13-year-old boy. On remand from the Supreme Court to reconsider our decision in light of *State v. Henley*, 363 Or 284, 422 P3d 217 (2018) (*Henley I*), we reversed and remanded defendant's case after concluding that testimony by CARES interviewer Petke related to "grooming" was scientific evidence that was erroneously admitted without laying the required "foundation establishing its scientific validity." *Plueard II*, 296 Or App at 586, 588. On reconsideration, we revised our opinion to clarify that the trial court has authority to "'determine the nature of the proceedings that are necessary or

appropriate on remand.'" *Plueard III*, 297 Or App at 594-96 (quoting *State v. Baughman*, 361 Or 386, 411, 393 P3d 1132 (2017)). On remand, the trial court held a hearing to determine the scientific validity of Petke's trial testimony, and Petke testified again for the state, and two other experts testified for defendant. The court issued a written opinion explaining its conclusion that the grooming evidence met the validity standards to be admissible and was "not substantially prejudicial" to defendant. The court thus determined that defendant was not entitled to a new trial.

In his first assignment of error, defendant argues, as he did below, that Petke's expert testimony about grooming did not meet scientific validity standards to be admissible under OEC 702. He maintains that there is a lack of scientific literature to support such testimony, and the state maintains that the trial court's ruling as to the evidence was not in error under *State v. Henley*, 310 Or App 813, 486 P3d 853, *rev den*, 368 Or 638 (2021) (*Henley II*).

We review the trial court's rulings regarding the validity and admissibility of scientific evidence for legal error. *State v. Reed*, 268 Or App 734, 738, 343 P3d 680, *rev den*, 357 Or 551 (2015). Evidence in the form of expert testimony is admissible if the "specialized knowledge will assist the trier of fact to understand the evidence." OEC 702.

Here, we conclude that the disputed evidence was scientifically valid and thus admissible under *Henley* because its purpose was contextual rather than an assertion about defendant's guilt. *See Henley II*, 310 Or App at 822 (the permissible purpose of expert testimony about grooming is to assist the jury in understanding "the potential significance of some of [the] defendant's behavior" and "not to establish that [the] defendant *had* groomed the victim and *therefore* had sexually abused" him (emphases in original; internal citations omitted)). Defendant's arguments do not persuade us that the evidence was used impermissibly in this case, and many of his arguments regarding scientific validity were already rejected in *Henley II*. The trial court did not err in concluding that the evidence was admissible. We likewise reject defendant's second assignment of error, which

asserts that Petke's testimony intruded on the jury's independent assessment of witness credibility under OEC 403.

Defendant's third and unpreserved assignment asserts that the trial court erred during the remand hearing by conducting itself "in an adversarial rather than a judicial role" when it interrupted the cross-examination of defendant's expert witnesses to ask questions but did not do the same to the state's expert witness, thereby depriving him of the opportunity for a fair hearing. He argues that the court's conduct warrants plain-error review for abuse of discretion. We do not see a plain error given that the primary issue on remand was the admissibility of evidence. *See State v. Mains*, 295 Or 640, 657, 669 P2d 1112 (1983) (judicial examination of witnesses may be appropriate "when necessary to properly rule on *** questions of admissibility of evidence"); *see also Maney v. Angelozzi*, 285 Or App 596, 607, 397 P3d 567 (2017) ("[a] court enjoys broad discretion to control the proceedings before it" (internal quotation marks omitted; citation omitted)).

Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.